UNIVERSITY CUSTOM HOMES, INC., *v.* TOWNSHIP OF REDFORD.

1. TOWNSHIPS—BUILDING PERMIT FEES—EXPENSES.

A rapidly growing township may not increase its building permit fees to a point where the revenue therefrom is so entirely disproportionate to the expense of administration and enforcement of the building regulations or township rural zoning act as to be upwards of 3 times of the expense involved and thereby provide a substantial portion of the revenue for the general cost of government (CL 1948 and CLS 1956, § 125.271 *et seq.*).

2. COSTS—TOWNSHIPS—BUILDING PERMIT FEES.

No costs are allowed in suit for declaratory judgment as to validity of fees charged for building permits by township.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted January 13, 1959. (Docket No. 51, Calendar No. 47,856.) Decided April 13, 1959.

Bill by University Custom Homes, Inc., a Michigan corporation, and Mark T. Jacobson against the

———

REFERENCES FOR POINTS IN HEADNOTES

[1] 33 Am Jur, Licenses § 42.
[2] 16 Am Jur, Declaratory Judgments § 75.
  Costs in suit for declaratory judgment. 87 ALR 1249.

Township of Redford, a municipal corporate entity, Donald Armstrong, superintendant of its building department, and various of its officials, for a declaratory judgment challenging validity of fees charged for building permits. Bill dismissed. Plaintiffs appeal.   Reversed and remanded.

*Irvin H. Yackness* (*Harold Helper,* of counsel), for plaintiffs.

*Kasoff & Young* (*Gilbert M. Frimet,* of counsel), for defendants.

SMITH, J.  This case is controlled by *Merrelli* v. *City of St. Clair Shores,* 355 Mich 575, decided this date.  The issue is whether building permit fees may, in the words of the pretrial statement, "include a pro-rata share of the entire cost of government, including police protection, fire protection, street maintenance, sewer construction, et cetera."  Redford had expanded, we are told, from "a sleepy village" to "a dynamic community."  The governmental expenses had increased in like manner.

The nature of some of the activities sought to be financed, in part, from such fees was described by the supervisor of the township in the following terms:

"Last summer, during the course of the building of a project of about 75 or 80 homes, we had numerous complaints from residents along 1/2 mile section of a residential street that the concrete trucks were using the street and their complaint was not basically that the trucks were using the street, if they used it properly, but they were speeding.  It took the combined efforts of the police department, my office, and the building department, after about 3 days, to get those trucks properly rerouted so that they were using a commercial route to get in and out of the

subdivision, and they were not using excess speed. We were required to do several things. Our building department had to have a conference with the builder. We found that he was not personally at fault, but his subcontractors were at fault, in charge of the situation, so we had conferences with the subcontractors; my office had conferences with the builder and the Wayne county road commission, and our police department was required to put extra men on those streets in order to keep the truck drivers off of the residential streets. Now that type of problem, overall problem is related to a building activity under the general jurisdiction and control of the building department and it was necessary to call in other units in an attempt to control building activities. Those are, properly, in my opinion, allocated to the expense of operating the building department, the enforcement officers. * * *

"Our fire department was called out on numerous calls because of the fires in new buildings, grass fires that started around projects where they mishandled their materials and started a fire. The fire department was called out on I could say hundreds of occasions to check on the illegal use of fire hydrants for the purpose of getting water into these projects for mixing cement and cleaning up and so forth, because we require a bond and charge a small fee of $2.50 or $3 for the use. We found that most people in building activity thought it was easier to turn on the hydrant than it was to go in and get a permit, and of course, we had to send our people out to check on it, infractions of our rules."

In accordance with defendants' theory (opening statement of counsel) that the township "has a right and the authority to levy as a building permit fee a reasonable amount not only to cover the actual and specific costs of the building department, but indirectly to reflect the cost necessary to operate its entire government," fees were levied which were grossly disproportionate to any expenses properly justi-

fied on the record before us for the administration and enforcement of the building regulations or the township rural zoning act (CL 1948 and CLS 1956, § 125.271 *et seq.* [Stat Ann 1958 Rev § 5.2963(1) *et seq.*]). According to exhibits in the record, for the fiscal year ending March 31, 1955, the building department revenues (a substantial portion of which were the building permit fees) totalled $129,475 as compared with "fiscal tax collections" of $273,884, and building department expenses of $32,797. The excess of building department revenue over expenses has increased, according to plaintiffs' exhibits, from $21,146 for the fiscal year ending March 31, 1950, to $104,866 for the period of April 1—December 4, 1955, to $141,392 for the fiscal year ending March 31, 1956.

The challenge of the defendants to these figures rests upon their theory, summarized *supra,* by the pretrial judge, that the fees charged may properly include a pro-rata share of the entire cost of government. In this defendants are in error. We need not re-enunciate the controlling legal and constitutional principles expressed in *Merrelli* v. *City of St. Clair Shores, supra.* The decree below is reversed and the case remanded for the entry of decree in accordance herewith. No costs.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.